1

2

3

4

5

6

7

8                                         UNITED STATES DISTRICT COURT

9                                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESSE LEE SHAVERS, JR.,                      Case No.  2:21-cv-01734-JDP (PC)

12                         Plaintiff,             ORDER GRANTING PLAINTIFF'S
                                                  APPLICATION TO PROCEED IN FORMA
13              v.                                PAUPERIS

14   TABER, *et al.*,                             ECF No. 2

15                         Defendants.            SCREENING ORDER THAT PLAINTIFF:

16                                                      (1) FILE AN AMENDED
                                                           COMPLAINT; OR
17
                                                       (2) STAND BY HIS COMPLAINT
18                                                         SUBJECT TO A
                                                           RECOMMENDATION THAT IT BE
19                                                         DISMISSED

20                                                ECF No. 1

21                                                THIRTY-DAY DEADLINE

22

23          Plaintiff Jesse Lee Shavers is a state inmate proceeding without counsel in this civil rights

24   action brought under 42 U.S.C. § 1983.  He alleges that defendant Taber ordered the removal of

25   his cane.  I find that plaintiff has failed to state a cognizable claim.  Plaintiff has filed an

26   application to proceed *in forma pauperis*, ECF No. 2, which makes the proper showing and so

27   will be granted.

28

                                                        1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on March 30, 2020, he filed a health care request form because he had lost his cane.  ECF No. 1 at 3.  Eventually, on April 3, 2020, he found his cane in another inmate's cell.  That same day, however, Dr. Taber told officer D. Kelsey to take away the cane for

2

"no apparent reasons" and without evaluation from a primary care physician. *Id.* The loss of the cane caused plaintiff pain.

Plaintiff's complaint does not state a claim against nurse Bassett or A.D.A. Warden because he alleges no facts concerning either. Plaintiff's claim against officer Kelsey must also be dismissed because at most plaintiff alleges that Kelsey was following Dr. Taber's orders—which does not rise to the level of deliberate indifference. *Cf. Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (finding that the prison officials' refusals to follow the doctor's order reflected a deliberate indifference to the prisoner's serious medical needs). Finally, plaintiff's claim against Taber must be dismissed because he has not alleged a serious medical need. To meet the objective element of the deliberate indifference standard, plaintiff must allege the existence of a "serious medical need." *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that a deliberate indifference to serious medical needs claim consists of two parts: (1) a "serious medical need" demonstrated by a failure to treat a prisoner's medical condition that could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) "deliberate indifference"—demonstrated by (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference). Plaintiff has alleged no medical condition or underlying medical need for the cane—or that Taber removed the cane despite plaintiff's medical need for it.

## Conclusion

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. As explained below, such an amended complaint would need to allege what each defendant did and why each defendant's actions violated plaintiff's rights. If plaintiff fails to amend his complaint within thirty days, I will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's rights. *See Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter . . .

1    to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

2    550 U.S. at 570).  Plaintiff should note that a short, concise statement of the allegations in

3    chronological order will assist the court in identifying his claims.  Plaintiff should name each

4    defendant and explain what happened, describing personal acts by each individual defendant that

5    resulted in the violation of plaintiff's rights.  Plaintiff should also describe any harm he suffered

6    from the violation of his rights.  Plaintiff should not add unrelated issues.  *See* Fed. R. Civ. P. 18;

7    *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different

8    defendants belong in different suits . . . .").

9            Any amended complaint will supersede the original complaint, *Lacey v. Maricopa Cnty.*,

10   693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete on its face without

11   reference to the prior, superseded pleading, see E.D. Cal. Local Rule 220.  Once an amended

12   complaint is filed, previous complaints no longer serves any function in the case.  Therefore, in an

13   amended complaint, as in an original complaint, each claim and the involvement of each

14   defendant must be sufficiently alleged.  The amended complaint should be titled "First Amended

15   Complaint," refer to the appropriate case number, and be an original signed under penalty of

16   perjury.  Accordingly, it is ORDERED that:

17           1.  Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted.

18           2.  Within thirty days from the service of this order, plaintiff must either file an Amended

19   Complaint or advise the court he wishes stand by his current complaint.

20           3.  Failure to comply with this order may result in the dismissal of this action.

21           4.  The clerk's office is directed to send plaintiff a complaint form.

22

23   IT IS SO ORDERED.

24
     Dated:    March 28, 2022
25                                                    JEREMY D. PETERSON
26                                                    UNITED STATES MAGISTRATE JUDGE

27

28

4