UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, JR., <br><br> Plaintiff, <br><br> v. <br><br> TABER, *et al.*, <br><br> Defendants. | Case No. 2:21-cv-01734-JDP (PC) <br><br> SCREENING ORDER THAT PLAINTIFF: <br><br> (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL; OR <br><br> (2) FILE A SECOND AMENDED COMPLAINT <br><br> ECF No. 17 <br><br> THIRTY-DAY DEADLINE |

Plaintiff alleges that, while incarcerated at High Desert State Prison, defendants Taber and Kelsey violated his rights under the Eighth Amendment and the Americans with Disabilities Act ("ADA") when they revoked prescriptions for unidentified "medical appliances" that addressed an "ongoing medical issue."[1] ECF No. 17 at 3. His allegations are too vague to proceed past screening. I will give plaintiff a final opportunity to amend before recommending this action be dismissed.

---

[1] Plaintiff also references a breach of contract claim, though he does not describe the contract at issue or how it was breached by defendants. ECF No. 17 at 3.

1

# Screening Order

## I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that he suffers from an "ongoing medical issue" and that, prior to being sent to High Desert State Prison, he had been prescribed "medical appliances" as accommodations. ECF No. 17 at 3. Plaintiff does not identify either the medical issue from which he suffers or the medical appliances denied. Plaintiff is also vague as to his interactions with defendants. He claims that defendant Kelsey had several racially charged exchanges with him in the days preceding Taber's revocation of his medical appliances. *Id.* Kelsey allegedly told some unspecified lie to Taber, plaintiff's physician, causing the latter to rescind plaintiff's prescriptions. *Id.* I cannot tell either if Taber is alleged to have acted mistakenly but in good faith, or if plaintiff believes that Taber acted in concert with Kelsey. Plaintiff alleges that the prison warden was made aware of his issues with the aforementioned defendants through the prison grievance process but failed to take corrective action. *Id.* at 4. Here again, however, plaintiff does not allege what facts his grievance apprised the warden of. These allegations are too vague to state a cognizable claim against any defendant. *See Ashcroft*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiff may amend his complaint. If he chooses to do so, the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either file another Amended Complaint or advise me that he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   September 16, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE