JESSE LEE SHAVERS P-42584
Name and Prisoner/Booking Number
SALINAS VALLEY STATE PRISON
Place of Confinement
P.O. BOX 1050
Mailing Address
SOLEDAD CA. 93960
City, State, Zip Code

**FILED**

OCT 17 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LEE SHAVERS JR.,
(Full Name of Plaintiff)    Plaintiff,

v.

(1) DR. TABER
(Full Name of Defendant)
(2) R.N. BASSET
(3) _____
(4) _____
                    Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:21-CV-01734-JDP (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☑ Second Amended Complaint

[ JURY TRIAL ]

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to: 42 U.S.C. §1983 Civil Suit
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: HIGH DESERT STATE PRISON

## B. DEFENDANTS

1. Name of first Defendant: __DR. TABER__. The first Defendant is employed as: __A DOCTOR__ at __HIGH DESERT PRISON__.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: __R.N. BASSEI__. The second Defendant is employed as: __NURSE__ at __HIGH DESERT PRISON__.
   (Position and Title)                                    (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __4__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Don J__ v. __NO__
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: __Don J__ v. __NO__
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: __Don'__ v. __NO__
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: **8TH AMENDMENT, CRUEL AND UNUSUAL PUNISHMENT**.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☑ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   ON APRIL 7, 2020 DR. TABER TAKE MY ("MOBILITY VEST" AND CANE), AND CAUSED ME "PAIN" TO MY ("LEFT KNEE"), MY ("HIP"), AND ("BACK"). DR. TABER TOOK MY ("CANE AN MOBILITY VEST"), WITH GIVING ME A ("PCP EVALUATION") AND "DELIBERATE INDIFFERENCE"!

   SEE EXHIBIT (A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   DEFENDANTS, BY TAKING MY ("CANE AN MOBILITY VEST") W-ITHOUT A PCP EVALUATION, CAUSED ME MORE PAIN TO MY, ("LEFT KNEE"), MY ("HIP"), AN ("BACK").

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: **R.N. BASSET Conspiracy to Doctor Paperwork.**

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: **Conspiracy**

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   **R.N. Nurse Basset Conspiried to (Nurse Dicu-Aments) She lied to (Prisoner Law Officers) to cover up the truth!**

   **See Exhibit (A)**

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). **Conspiring to furse Dicuments, and Statements!**

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: _NONE_

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _NONE_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   _None_

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

5

## E. REQUEST FOR RELIEF

State the relief you are seeking: I'm Asking for $2.5 Million in Punitive Damages. And $2.5 Million in Compensatory Damages!

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10-2-2022
DATE

SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

# EXHIBIT

# A

DESCRIPTION: Prisoner Law Office Documents on Conspiracy, And Evidence on Dr. Tabers Disrespeed of Medical Care.

PAGES: 4

DATE: 10-2-2022   SIGN: Jesse _____



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Patrick Booth
Steven Fama
Alison Hardy
Sophie Hart
Corene Kendrick
Rita Lomio
Margot Mendelson

VIA EMAIL ONLY

September 8, 2020

Ms. Tamiya Davis
CDCR Office of Legal Affairs

RE:   *Armstrong* Advocacy Letter
        Jesse Shavers, P42584, HDSP

Dear Ms. Davis:

We write on behalf of Jesse Shavers, a 59-year-old man currently housed at High Desert State Prison. Mr. Shavers is listed on the April 1, 2020 SOMS DPP Roster as being designated DPM, with a prescribed back brace, cane, foot orthoses, knee brace, wrist brace, and mobility impaired vest.

According to the electronic medical record, on April 3, 2020, Officer Kelsey approached RN Bassett regarding Mr. Shavers's mobility. A Progress Note from this date states:

> Writer's attention was brought by custody c/o D. Kelsey that I/P Shavers returned from the yard. He was wearing a mobility vest, but did not have his cane, and was ambulating without any difficulty. When he was around 100 yards from the entrance to B4 (his housing) he jogged for several dozen yards before entering the building. This was brought to the attention of his provider, Dr. Taber.

That same day, Dr. Taber discontinued Mr. Shavers's prescribed Durable Medical Equipment (DME): "Patient observed at 11:28 AM walking across the yard without use of a cane swinging arms freely and weight distributed evenly on both legs. Patient was brisk and steady. Chart reviewed, and DME discontinued." Outpatient Progress Note (Apr. 3, 2020).

It appears Mr. Shavers's DME was inappropriately removed; it does not appear that there was a meaningful PCP evaluation prior to removal. *See* California Correctional Health Care Services, Health Care Department Operations Manual, Section 3.6.1(e)(8)(B) ("all previously prescribed DME and medical supplies shall continue to be provided unless a PCP at the receiving institution re-evaluates the patient and determines the DME or medical supplies are no longer medically necessary to ensure patients have equal access to prison services, programs, and activities").

RECEIVED
HCCAB
JAN 2 5 2021

**Board of Directors**
Penelope Cooper, President • Margaret Johns, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Cesar Lagleva • Jean Lu • Laura Magnani • Michael Marcum
Ruth Morgan • Seth Morris • Vishal Shah • Michele WalkinHawk

Ms. Tamiya Davis
Re: Jesse Shavers, P42584
September 8, 2020
Page 3

Director of Health Care Operations, Memorandum, Mobility Impaired Vests at 2 (Feb. 25, 2014) (noting that people without a DPP code "may benefit from an MI Vest even if no assistive devices are required").

We are deeply concerned by the apparent use of lay observations by custody staff alone to remove someone's DME and mobility vest. Please explain HDSP's policy regarding removal of DME and disability vests without an evaluation. We request that Mr. Shavers be properly evaluated by a PCP, be issued any appropriate DPP code, and be provided all reasonable accommodations for his disability.

Thank you for your prompt attention to this matter.

Sincerely yours,

Tania Amarillas
Investigator

Rita Lomio
Staff Attorney

cc:   Mr. Shavers
      Co-Counsel
      Ed Swanson, Court Expert
      Nicholas Meyer, Erin Anderson, Alexander Powell, Amber Lopez, OLAArmstrongCAT@cdcr.ca.gov, Patricia Ferguson (OLA)
      Lois Welch, Steven Faris (OACC)
      Adam Fouch, Laurie Hoogland, Landon Bravo (DAI)
      John Dovey, Vince Cullen, Don Meier, Laurene Payne, Ceasar Aguila, Samantha Lawrence-Chastain, Olga Dobrynina, m_CCHCSAccntLog@cdcr.ca.gov, Alexandrea Tonis, Barbara Pires, Bruce Beland, Cathy Jefferson, Ceasar Aguila, Cindy Flores, Dawn Malone-Stevens, Desiree Collum, Donald Meier, Gently Armedo, Payne, Lynda Robinson, Ngoc Vo, Robin Hart, Steven Blum, Joseph Williams (CCHCS)
      Adriano Hrvatin, Joanna Hood, Damon McClain, Sean Lodholz (DOJ)

RECEIVED
HCCAB
JAN 2 5 2021

SUTTER COAST HOSPITAL - CRESCENT CITY, CA
800 EAST WASHINGTON BOULEVARD 95531

OPERATIVE REPORT

**DATE OF OPERATION:** 09/09/2003

**PREOPERATIVE DIAGNOSES:**
1. Chondromalacia, left knee, symptomatic.
2. Retained hardware, left third metacarpal.

**POSTOPERATIVE DIAGNOSES:**
1. Chondromalacia, left knee, symptomatic.
2. Retained hardware, left third metacarpal.

**PROCEDURE:**
1. Arthroscopy and chondroplasty, left knee.
2. Removal of hardware, left hand.

**SURGEON:** Mark Lau, M.D.

**ASSISTANT:** James Holmes, M.D.

**ANESTHESIA:** General.

**DRAINS:** None.

**BLOOD LOSS:** None.

**TRANSFUSIONS:** None.

**INDICATIONS:** The patient is a 42-year-old inmate at Pelican Bay State Prison who had previously sustained a fracture of the left third metacarpal treated at another center with plating of the fracture. The fracture had healed and he developed symptoms from the retained plate. He elected to undergo removal of the plate. In addition, he has had chronic pain in the left knee and was diagnosed to have chondromalacia. He elected to proceed with arthroscopic examination of the knee.

**DESCRIPTION OF PROCEDURE:** With the patient in a supine position under adequate general anesthesia, the left lower extremity was prepped and draped in a sterile fashion. After exsanguination of the left leg the tourniquet on the upper thigh was inflated to 300 mmHg pressure. An arthroscopic leg holder was utilized. Three anterior standard portals were made. The arthroscope was introduced anterolaterally and the joint was systematically inspected. There was evidence of acute synovitis in the knee. The medial and lateral recesses were free of loose bodies. In the patellofemoral joint there was grade 2 to 3 chondromalacia. There was a fairly deep fissure in the anterior femoral notch. The anterior cruciate ligament was intact.

OPERATIVE REPORT - Pg. 1        NAME: CDC, P42584
Mark Lau, M.D.                  MR #: 125581
PHYSICIAN COPY

STATE OF CALIFORNIA  ·  DEPARTMENT OF CORRECTIONS

# HEALTH CARE SERVICES
## PHYSICIAN REQUEST FOR SERVICES
(To be completed by requesting Physician and forwarded to Utilization Management Unit)  D3

**PATIENT NAME:** Shevcn, Jessie
**CDC NUMBER:** P42584
**INSTITUTION:** SATF
**DATE OF BIRTH:** 6/3/61
**EPRD DATE:** None Life
**GENDER:** Male
**PRINCIPLE DIAGNOSIS:** Severe · DJO (L) Knee
**ICD-9 CODE:**
**CPT CODE(S):**
**REQUESTED SERVICE(S):** (L) Knee replacement
**# OF DAYS RECOMMENDED:**

*Please circle all that apply:* Diagnostic Procedure/**Consultation**   **Outpatient**/Inpatient   **Initial**/Follow-up

**Requested Treatment/Service is:** EMERGENT   URGENT   **(ROUTINE)**

For the purpose of retrospective review, if emergent or urgent, please justify: _____

**Proposed Provider:** orthopedic   **Anticipated Length of Stay:** _____

**Expected disposition** (i.e.: outpatient follow-up, return to institution, transfer): _____

**Medical Necessity** (briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant): 50 y.o. ♂ with severe DJO disease involving (L) Knee. Seen by Dr. Smith on 4/20/11 + knee replacement recommended. MAR Committ recommended brace but no relief with pain / seen by Dr Smith who recommend knee replacement

**Estimated time for service delivery, recovery, rehabilitation and follow-up:** _____

**Summary of preliminary or diagnostic work up, conservative treatment provided** (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): MAR Committ recommend re-evalue + brace given but ineffective / chronic pain / difficult ambulation (5/2011)

**Comments** (diagrams, risk factors, prognosis, alternative management, etc.): _____

**REQUESTING PHYSICIAN PRINTED NAME:** Tom Teck
**REQUESTING PHYSICIAN SIGNATURE:** Tom Teck
**DATE:** 2/21/12

**APPROVED / AUTHORIZED / (DENIED) / DEFERRED BY:** MAR Committ
**DATE:** 2/23/12
**Utilization management tracking #:** 11/12-477806

**DATE OF CONSULTATION:** 2/21/12 emailed to Dr. Moulios
**PRINTED NAME OF CONSULTANT:** 2/23/12 - Denied by MAR - Pain med will be assessed - may resubmit at later time if medically indicated ✓ will RN

**FINDINGS:** _____

**RECOMMENDATIONS:** _____

**FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED:** _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE | DATE | Shevers, Jesse |
| PCP SIGNATURE | DATE | P42584<br>6/3/61<br>03-136 |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

**DISTRIBUTION:**
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

**PHYSICIAN REQUEST FOR SERVICES (RFS)**   CDC 7243 (Rev. 11/02)

Confidential Saved 2013-06-05T22:16:39Z