UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, Jr., | Case No. 2:21-cv-01734-JDP (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| TABER, *et al.*, | ECF No. 20 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 19 |
| | THIRTY-DAY DEADLINE |

Plaintiff Jesse Lee Shavers is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his second amended complaint, he alleges that defendant Dr. Taber ordered the removal of his cane and mobility vest and that defendant nurse Basset forged documents and lied to prison officials. Plaintiff also moves for the appointment of counsel. I find that plaintiff has failed to state a cognizable claim. Plaintiff will be given one final opportunity to amend his complaint.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Motion to Appoint Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court can request the voluntary assistance of counsel. *See* 28 U.S.C.

1 § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford
2 counsel"); *Rand*, 113 F.3d at 1525.  But without a means to compensate counsel, the court will
3 seek volunteer counsel only in exceptional circumstances.  In determining whether such
4 circumstances exist, "the district court must evaluate both the likelihood of success on the merits
5 [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
6 legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

7       Plaintiff appears to ask that counsel be appointed because he has a 4.7-grade level
8 education.  ECF No. 20 at 1.  The court cannot conclude that exceptional circumstances requiring
9 the appointment of counsel are present here.  The allegations in the complaint are not
10 exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the
11 merits.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 20, is denied without
12 prejudice.

13 **Screening**

14       On April 7, 2020, defendant Taber allegedly authorized the removal of plaintiff's cane and
15 mobility vest without first having plaintiff evaluated by a primary care physician, causing
16 plaintiff pain in his knee, hip, and back.  ECF No. 19 at 3.  Plaintiff also alleges that defendant
17 Bassett conspired to forge documents and lied to correctional officers.  *Id.* at 4.  Plaintiff attached
18 to the complaint a letter from Rita Lomio and Tania Amarillas, a staff attorney and investigator,
19 respectively, from the Prison Law Office.  *Id.* at 8.  The letter relays plaintiff's claims that Taber
20 discontinued plaintiff's cane and vest after reviewing a progress note in plaintiff's file that stated
21 that an officer saw plaintiff walking without his cane with no difficulty.  *Id.*

22       Plaintiff's complaint does not state a claim against either defendant.  Plaintiff has
23 inadequately alleged facts demonstrating either that he requires a cane and vest due to a "serious
24 medical need" or that Dr. Taber acted with "deliberate indifference" by removing his cane. *See*
25 *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Instead, the complaint indicates that Dr.
26 Taber removed plaintiff's cane and vest after plaintiff was seen walking without difficulty.
27 Plaintiff appears to be expressing disagreement with Dr. Taber's medical opinion that these
28 devices were not needed, and such disagreement is insufficient to state a claim under the Eighth

Amendment. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Additionally, plaintiff's allegations against Bassett are too vague and conclusory to state a claim. Plaintiff simply states that Bassett forged documents and lied to prison officials; he does not allege what documents she forged, what she lied about, or how her actions caused him injury.[1]

Plaintiff may amend his complaint. If he chooses to do so, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 20, is denied.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   December 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] The attached letter notes that an Officer Kelsey informed Bassett that he saw plaintiff walking without his cane without apparent difficulty. ECF No. 19 at 8. However, plaintiff does not allege either that Bassett wrote the progress note or that she lied about what Kelsey told her.

4