1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JESSE LEE SHAVERS, JR.,                Case No.  2:21-cv-01734-JDP (PC)

11              Plaintiff,                   ORDER THAT THE CLERK OF COURT
                                             ASSIGN A DISTRICT JUDGE TO THIS
12        v.                                 ACTION

13   TABER, *et al.*,                        FINDINGS AND RECOMMENDATIONS
                                             THAT THE THIRD AMENDED
14              Defendants.                  COMPLAINT BE DISMISSED FOR
                                             FAILURE TO STATE A CLAIM
15
                                             ECF No. 25
16
                                             FOURTEEN-DAY DEADLINE FOR
17                                           OBJECTIONS

18

19

20        Plaintiff, a state prisoner, alleges that his Eighth Amendment rights were violated when

21   defendants conspired to take away his cane and other mobility devices.  ECF No. 25 at 3.  I found

22   two earlier complaints based on these claims insufficient to proceed past screening.  ECF Nos. 18

23   & 22.  While plaintiff titles the current complaint his "Second Amended Complaint," it is in fact

24   his third.  As before, it fails to state a cognizable claim.  Given that this is plaintiff's third

25   complaint, and he has still failed to state a cognizable claim, I now recommend that this action be

26   dismissed for failure to state a claim.

27

28

1

**Screening Order**

2

**I.        Screening and Pleading Requirements**

3        A federal court must screen a prisoner's complaint that seeks relief against a governmental

4 entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5 claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6 claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7 immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11 require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13 possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14 identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17 n.2 (9th Cir. 2006) (en banc) (citations omitted).

18        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

## II.     Analysis

As in his previous complaints, plaintiff's allegations center on defendant Taber's decision to discontinue plaintiff's prescriptions for mobility devices, including for a cane.  ECF No. 25 at 3.  Plaintiff alleges that defendant Kelsey, a correctional officer with whom plaintiff had several verbal altercations, lied to Dr. Taber and succeeded in having those prescriptions rescinded.  *Id.* The complaint does not explain what Kelsey told Taber, or why a physician would look to a correctional officer for medical information.  Indeed, the complaint does not allege what medical justification, if any, Taber gave for withdrawing the prescriptions.  Thus, as to both defendants, plaintiff's allegations are too vague to proceed.  The allegations against Kelsey amount to little more than the the sort of unadorned "the defendant harmed me" allegation that the Supreme Court has determined to be non-compliant with federal pleading standards.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  As to Taber, deliberate indifference under the Eighth Amendment requires allegations that, taken as true, establish that plaintiff had a serious medical need and that the defendants knew of and disregarded an excessive risk to his health or safety.  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  Here, assuming mobility devices amounted to a serious medical need, he has not alleged facts showing that Taber knew that removing those devices amounted to an excessive risk to plaintiff's health or safety.  Indeed, the main thrust of plaintiff's claims against Taber are that he failed to comply with prison procedure when he discontinued the mobility prescriptions.  ECF No. 25 at 4.  Failure to follow prison policy does not give rise to a violation of federal law, however.[1]  *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

---

[1] I note that, in the headings of the complaint, plaintiff also alleges that the removal of his mobility devices violated the Americans with Disabilities Act.  He alleges inadequate treatment for his disability and not, as the ADA requires, an allegation that he was discriminated against because of any disability.  *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

Plaintiff's claims against the other two defendants, the unnamed warden of High Desert Prison and a nurse named Bassett, also fail.  As for the warden, plaintiff alleges that this defendant misconstrued his administrative appeal and, despite knowing of the wrongs being done, failed to intervene.  ECF No. 25 at 5.  Responding (or failing to respond) to a prison grievance does not give rise to a constitutional claim.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that an inmate's "claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure").  And the complaint is otherwise vague as to how the warden knew that plaintiff's care was inadequate.  Plaintiff's claims against Bassett are inscrutable.  He claims that in April 2020, this defendant lied to state officials about unspecified medical issues.  ECF No. 25 at 6.  I cannot tell whether these issues relate to the previously mentioned mobility prescriptions or some other subject.  I cannot even determine how, or even if, the issues she lied about implicate plaintiff's health.  Thus, he has failed to state a claim against Bassett.

Accordingly, it is ORDERED that the Clerk of Court assign a district judge to this action.

Further, it is RECOMMENDED that the Third Amended Complaint, ECF No. 25, be DISMISSED without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE