UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, JR., <br><br> Plaintiff, <br><br> v. <br><br> TABER, et al., <br><br> Defendants. | No. 2:21-cv-01734-DAD-JDP (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND DISMISSING PLAINTIFF'S CLAIMS BROUGHT AGAINST DEFENDANTS BASSETT AND WARDEN OF HIGH DESERT STATE PRISON <br><br> (Doc. No. 26) |

Plaintiff Jessie Lee Shavers, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 6, 2023, the assigned magistrate judge screened plaintiff's operative third amended complaint ("TAC") and issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a claim. (Doc. No. 26 at 4.) Specifically, the magistrate judge concluded that plaintiff had failed to state any cognizable claim against the named defendants: Kelsey, Dr. Taber, Bassett, and the Warden of High Desert State Prison. (*Id.* at 3–4.)

1

1    The pending findings and recommendations were served on the parties and contained
2 notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at
3 4.)  Plaintiff filed his objections on April 24, 2023.  (Doc. No. 27.)  In accordance with the
4 provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.
5 Having carefully reviewed the entire file, including plaintiff's objections, the court adopts the
6 findings and recommendations in part and declines to adopt them in part.
7    The magistrate judge properly found that plaintiff had failed to state any cognizable claim
8 against defendants Bassett and Warden of High Desert State Prison.  Plaintiff's objections
9 provide no basis upon which to conclude otherwise.  Accordingly, the court will adopt the
10 magistrate judge's recommendation that plaintiff's claims brought against defendants Bassett and
11 Warden of High Desert State Prison be dismissed without leave to amend.
12    As relevant to defendants Kelsey and Dr. Taber, plaintiff alleges as follows in his TAC.
13 Plaintiff was prescribed Durable Medical Equipment ("DME"), including a cane and mobility
14 vest. (Doc. No. 25 at 3.)  Defendant Kelsey, a correctional officer, had several verbal altercations
15 with plaintiff.  (*Id.*)  These verbal altercations "amounted to ultimate disrespect and racist
16 remarks."  (*Id.*)  Defendant Kelsey has had verbal altercations with several other African-
17 American inmates and has had several misconduct complaints submitted against him.  (*Id.*)  At
18 some point, defendant Kelsey falsely told defendant Taber something that caused Dr. Taber to
19 withdraw plaintiff's DME prescriptions.  (*Id.*)  Defendant Kelsey did so in order to cause plaintiff
20 to lose his DME and due to "spite, vindictiveness and in retaliation, and racism."  (*Id.* at 3–4.)
21 Defendant Taber did not evaluate plaintiff in person before withdrawing plaintiff's DME
22 prescriptions, which plaintiff alleges was in violation of prison policy.  (*Id.* at 4.)  On the basis of
23 these allegations, plaintiff asserts a claim against defendants Kelsey and Dr. Taber for violation of
24 his Eighth Amendment rights.  (*Id.* at 3.)
25    Based on the allegations in plaintiff's TAC described above, the magistrate judge
26 recommended that plaintiff's claims brought against defendants Kelsey and Dr. Taber be
27 dismissed because plaintiff's allegations were too vague to be allowed to proceed.  (Doc. No. 26
28 at 3) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The magistrate judge found that "[t]he

1 complaint does not explain what Kelsey told Taber, or why a physician would look to a
2 correctional officer for medical information.  Indeed, the complaint does not allege what medical
3 justification, if any, Taber gave for withdrawing the prescriptions." (Doc. No. 26 at 3.)
4       However, in his objections to the pending findings and recommendation plaintiff has
5 presented additional information that was not before the magistrate judge.  In this regard, in an
6 attachment to his objections, plaintiff has now provided the court with a document purportedly
7 from the "Prison Law Office," dated September 8, 2020, and addressed to the California
8 Department of Corrections and Rehabilitation ("CDCR") Office of Legal Affairs ("the Letter").
9 (Doc. No. 27 at 8.)  The Letter states as follows.  On April 3, 2020, defendant Kelsey told
10 defendant Taber that plaintiff "was wearing a mobility vest, but did not have his cane, and was
11 ambulating without any difficulty.  When he was around 100 yards from the entrance to B4 (his
12 housing) he jogged for several dozen yards before entering the building." (*Id.*)  That same day,
13 defendant Taber withdrew plaintiff's DME prescriptions on the grounds that plaintiff was
14 "observed at 11:28 AM walking across the yard without use of a cane swinging arms freely and
15 weight distributed evenly on both legs.  Patient was brisk and steady.  Chart reviewed, and DME
16 discontinued." (*Id.*)
17       Plaintiff has also provided another document as an attachment to his objections purporting
18 to be a response from "ADA Coordinator Associate Warden K. Thornton," dated January 5, 2021
19 ("the Response"). (*Id.* at 23.)  In that Response, Associate Warden Thornton approved with
20 modification plaintiff's CDCR Form 1824 Reasonable Accommodation Request and ordered the
21 return of plaintiff's cane and vest. (*Id.*)
22       Finally, plaintiff has attached another document to his objections purporting to be a
23 "medical classification chrono" filled out by Dr. Ronald Zhang of the CDCR and dated
24 January 25, 2021 ("the Chrono"). (*Id.* at 24.)  In that Chrono, Dr. Zhang evaluated plaintiff's
25 medical risk as "High Risk" and included the following notes:  "wooden cane, SEDENTARY
26 WORK, NO LIFTING > 25 LBS, NO FREQUENT BENDING, MOBILITY VEST . . . ." (*Id.*)
27       In light of these documents attached to plaintiff's objections to the pending findings and
28 recommendations, which were not incorporated by reference into plaintiff's operative complaint

but clearly could be attached or incorporated by reference to support a further amended complaint, it is now not at all clear that "the pleading could not possibly be cured by the allegation of other facts." *See Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). These relevant documents were simply not before the magistrate judge when the pending findings and recommendations were issued. Thus, the court declines to adopt the pending recommendation that plaintiff's claims for deliberate indifference brought against defendants Kelsey and Taber be dismissed with prejudice. Rather, the court will dismiss those claims with leave to amend and provide plaintiff an opportunity to file a fourth amended complaint against defendants Kelsey and Dr. Taber to attempt to cure the deficiencies identified by the screening order and findings and recommendations dated April 6, 2023. (Doc. No. 26.)

Accordingly:

1. The findings and recommendations issued on April 6, 2023 (Doc. No. 26) are adopted in part as follows:

    a. Plaintiff's claims brought against defendants Bassett and Warden of High Desert State Prison are dismissed without leave to amend; and

    b. Defendants Bassett and Warden of High Desert State Prison are terminated as named defendants in this action;

2. The court declines in part to adopt the findings and recommendations (Doc. No. 26) recommending that plaintiff's claims brought against defendants Kelsey and Dr. Taber be dismissed without leave to amend;

3. Plaintiff's claims brought against defendant Kelsey and Dr. Taber are dismissed, with leave to amend;

/////
/////
/////
/////
/////
/////

4. Within thirty (30) days from the date of this order, plaintiff shall file either a fourth amended complaint or a notice of his intent not to file a fourth amended complaint;[1]

5. Plaintiff is warned that his failure to file a fourth amended complaint will result in dismissal of this action due to plaintiff's failure to state a cognizable claim;

6. The Clerk of the Court is directed to update the docket to reflect that defendants Bassett and Warden of High Desert State Prison have been terminated as named defendants from this action; and

7. This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **April 8, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is reminded that a fourth amended complaint will supersede the third amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the fourth amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.

5