UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE LEE SHAVERS, JR., | Case No. 2:21-cv-1734-DAD-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TABER, *et al.*, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, alleges that, while incarcerated at High Desert State Prison, Taber, a physician, violated his Eighth Amendment rights by confiscating his cane and mobility vest. ECF No. 30 at 3. Defendant has moved to dismiss, ECF No. 38; plaintiff has filed an opposition, ECF No. 43; and defendant has filed a reply, ECF No. 44. I recommend that defendant's motion to dismiss be denied.

**Motion to Dismiss**

**I.   Legal Standards**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility

1

1  when the plaintiff pleads factual content that allows the court to draw the reasonable inference
2  that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
3  (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability
4  requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.
5  *Iqbal*, 556 U.S. at 678.

6  For purposes of dismissal under Rule 12(b)(6), the court generally considers only
7  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly
8  subject to judicial notice, and construes all well-pleaded material factual allegations in the light
9  most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710
10  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal
11  under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2)
12  insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956.
13  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.
14  *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

15  **II.     Allegations**

16  In his fourth amended complaint, plaintiff alleges that defendant confiscated his cane and
17  vest without requiring that plaintiff have an evaluation beforehand. ECF No. 30 at 3. In support
18  of his allegations, plaintiff provided varying documents showing the following:[1] In September
19  2020, an investigator and staff attorney with the Prison Law Office authored a letter to the CDCR
20  Office of Legal Affairs outlining plaintiff's issues with defendant. *Id.* at 8-10. The letter noted
21  that on April 1, 2020, plaintiff had been prescribed a back brace, cane, foot orthoses, knee brace,
22  wrist brace, and mobility impaired vest. *Id.* at 9. Two days later, an officer in plaintiff's prison
23  approached a prison nurse informing the nurse that he had witnessed plaintiff returning from the
24  yard with his mobility brace, but plaintiff did not have his cane and was ambulating without
25  difficulty. *Id.* Then, the officer reported that he witnessed plaintiff jog for a several dozen yards
26  before entering his building. *Id.* The nurse reported this information to defendant, who

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

2

1 discontinued plaintiff's prescribed medical equipment. *Id.* In plaintiff's medical notes, defendant
2 stated that plaintiff had been observed walking across the yard without using his cane while
3 swinging his arms freely and distributing his weight evenly on both legs. *Id.* Defendant reported
4 that plaintiff was moving briskly and steadily. *Id.*

5 In the letter, plaintiff argued that his medical equipment was inappropriately removed
6 because he was not given a meaningful evaluation before removal, in violation of prison policy.
7 *Id.* The letter also noted that plaintiff requested that his medical equipment be returned to him
8 because of his knee pain, and he was only offered pain management instead of the return of his
9 medical equipment. *Id.* at 8. Plaintiff disputed that he had the ability to jog and noted that he
10 either walked with a cane or a knee brace. *Id.*

11 Plaintiff also provided a health services request form, in which he asked that his vest and
12 cane be returned. *Id.* at 12. A nurse responded by stating that defendant came to plaintiff's cell
13 in December 2020 to assess plaintiff for hip pain, but plaintiff refused the evaluation, and so
14 defendant could not give him the cane and vest back. *Id.* Plaintiff claims that this visit to his cell
15 did not occur, and he did not refuse an evaluation. *Id.*

16 Plaintiff's medical records showed that plaintiff was approved for a cane, foot orthoses,
17 knee braces, a disability vest, and a wrist support brace. *Id.* at 14. The word "permanent"
18 appeared by each of these medical devices. *Id.* Plaintiff's other documents show that he
19 complained about his cane and vest being taken and stated that, when he did not use his cane, he
20 used his knee brace instead. *Id.* at 15-16. He also stated that he had difficulty getting down for
21 alarms due to his immobility and was having ongoing knee, hip, and back pain. *Id.* at 17.

22 **III.     The Parties' Arguments**

23 Defendant moves to dismiss plaintiff's fourth amended complaint for failure to state a
24 claim, arguing that plaintiff failed to adequately state a claim for a deliberate indifference to his
25 medical needs. ECF No. 38-1 at 1-2. He argues that plaintiff's allegations were amount to mere
26 disagreements with his medical treatment, which cannot rise to the level of deliberate
27 indifference. *Id.* at 4. He contends that plaintiff failed to allege (1) that he suffered from an
28 objectively serious medical need, and (2) that defendant had a subjective knowledge of and

1 | disregard for plaintiff's health and safety. *Id.* at 4-6. Defendant relies on plaintiff's exhibits to
2 | support her argument, contending that she had adequate medical justification for taking plaintiff's
3 | cane and vest. *Id.* at 6-7. As such, she asks that plaintiff's complaint be denied without leave to
4 | amend. *Id.* at 7.

Plaintiff opposes the motion to dismiss. ECF No. 43. He argues that defendant improperly took away his mobility devices, ignoring his disability and exhibiting deliberate indifference toward his medical needs. *Id.* at 1-4.

**IV.     Analysis**

Courts in Ninth Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation omitted).

The objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

The subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). The defendant must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An

4

1   accidental or inadvertent failure to provide adequate care is not enough to impose liability.
2   *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  Rather, the standard lies "somewhere between
3   the poles of negligence at one end and purpose or knowledge at the other." *Farmer v. Brennan*,
4   511 U.S. 825, 836 (1994).  Accordingly, the defendant's conduct must consist of "more than
5   ordinary lack of due care." *Id.* at 835 (internal quotation omitted).

6       Defendant's motion to dismiss should be denied.  First, plaintiff sufficiently alleges that
7   he suffers from an objectively serious medical condition.  He sufficiently alleges that his mobility
8   issues and knee pain would strike a reasonable doctor or patient as significant, and that these
9   issues cause plaintiff chronic and substantial pain and significantly affect his daily life.  *See*
10  *Colwell*, 763 F.3d at 1066.  And, viewing plaintiff's allegations in a light most favorable to him,
11  *see Chubb Custom Ins. Co.*, 710 F.3d at 956, plaintiff has sufficiently pled facts establishing that
12  defendant was deliberately indifferent to his medical needs.  The facts, as pled, show that
13  defendant purposefully took away plaintiff's permanently prescribed mobility devices without
14  first conducting an evaluation, basing her decision on hearsay from a correctional officer.  *See*
15  ECF No. 30 at 9, 12, 14-17.  Then, despite plaintiff's complaints of continued pain and difficulty
16  moving, defendant refused to return those mobility devices.  *See id.*  While defendant argues that
17  plaintiff's exhibits show a mere disagreement on the proper course of medical treatment, *see* ECF
18  No. 38-1 at 5-7, plaintiff has alleged that defendant provided no follow-up medical treatment after
19  removing plaintiff's mobility devices, even though she knew he was in pain.  These allegations
20  are sufficient to establish that defendant acted with deliberate indifference.  *See Colwell*, 763 F.3d
21  at 1066.  To the extent defendant argues that plaintiff cannot prove his allegations of deliberate
22  indifference, that is an issue for summary judgment or trial and cannot be resolved on a motion to
23  dismiss.  *See Akhtar*, 698 F.3d at 1214 ("To the extent Appellees contest Akhtar's ability to *prove*
24  harm, that is an issue for summary judgment or trial, not a Rule 12(b)(6) motion to dismiss.").

25      Accordingly, it is RECOMMENDED that defendant's motion to dismiss, ECF No. 38, be
26  DENIED.

27      These findings and recommendations are submitted to the United States District Judge
28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 11, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE